

# In the Court of Criminal Appeals of Texas

---

No. PD-0192-22

---

ALAN WILLIAM NULL, *Appellant*

v.

THE STATE OF TEXAS

---

On State's Petition for Discretionary Review
From the Fourteenth Court of Appeals
Harris County

---

YEARY, J., filed a concurring opinion.

As I understand it, I agree with the result reached by the Court's opinion today. But the Court's opinion seems to focus more than I would prefer on the requirements of the Federal Rules of Evidence and

commentaries to those rules. Those rules do not control in Texas state courts. Only our state rules apply, and I am concerned that the Court creates confusion by seeming to suggest that the Federal Rules have some controlling effect on the admissibility of evidence in Texas.[1]

Moreover, a focus on the text of our state rules makes clear that there is a difference between expert testimony by a testifying expert and the facts or data underlying that expert's opinion. The Court's opinion seems to acknowledge the difference to which I refer, but I remain somewhat tentative about the clarity of its explanation. And while I do not know if I will do any better a job of explaining that difference, I will do my best.

## I. TEXAS RULES OF EVIDENCE AT ISSUE IN THIS CASE

First, Texas Rule of Evidence 702 provides that a qualified expert may testify to an opinion so long as that opinion will *help* the trier of fact to understand other evidence or determine a fact is issue. TEX. R. EVID. 702 (emphasis added). The Court has also said that, in order to be helpful to the trier of fact, and thus admissible pursuant to Rule 702, an expert's opinion must be reliable. *Somers v. State*, 368 S.W.3d 528, 535 (Tex. Crim. App. 2012) ("The threshold determination in an inquiry into the admissibility of scientific evidence is whether the evidence is helpful to the trier of fact, and for such evidence to be helpful, it must be

---

[1] I would not object to the Court merely referencing the Federal Rules and their commentaries, as those rules are similar—although not identical—to our own. But I don't think that is what the Court does here. And I think it is important to emphasize the requirements of our own Texas Rules of Evidence and to make clear that it is our state rules of evidence that control evidentiary question in this state, not the federal rules.

reliable."). Moreover, to be reliable, and thus helpful to a jury as required by Rule 702, this Court has said that an expert opinion must meet three specific criteria: (a) the underlying scientific theory must be valid; (b) the technique applying the theory must be valid; and (c) the technique must have been properly applied on the occasion in question. See *Kelly v. State*, 824 S.W.2d 568, 573 (Tex. Crim. App. 1992).

Second, Rule 703 authorizes an expert, in forming his or her opinion, to rely on facts or data, even if such facts or data are not themselves shown to be admissible, so long as "experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject." TEX. R. EVID. 703. And while, as a condition for the admissibility of an expert's opinion, the underlying facts and data relied upon need not be admissible, Rule 705 provides for how those facts and data may become admissible. TEX. R. EVID. 705.

Rule 705 provides that an expert may be required to disclose underlying facts and data relied upon (1) if the Court requires it as a condition to the admissibility of the expert's opinion (specifically, as explained in the Rule itself: "unless the Court orders otherwise"), or (2) if the expert is called upon to disclose the underlying facts or data while under cross-examination. TEX. R. EVID. 705(a). Also, before admission of an expert's opinion, an adverse party "must . . . be permitted to examine the expert about the underlying facts or data" outside the presence of the jury. TEX. R. APP. 705(b). And Rule 705 provides that, if the underlying facts or data do not provide a sufficient basis for the opinion, the expert's opinion is inadmissible. TEX. R. EVID. 705(c).

## II. APPLICATION IN THIS CASE

The Court is right to point out that, while Appellant explicitly invoked Rule 702, his complaint at trial and in this appeal—the one over which we granted discretionary review—is more complex. The Court, for example, makes clear that Appellant "argues that Symonds' testimony was unreliable because she did not know about the quality of the Bode Technologies data." Majority Opinion at 7. Appellant argues that "Symonds' testimony would be unreliable under Rule 702 because she knew nothing about Bode Technologies or the technicians and analyst who worked the case." *Id*. at 4.

Appellant's complaint, both in the trial court and on appeal, seems to pertain not only to the admissibility of the opinion of Mary Symonds, the testifying expert in the punishment phase of his trial—that Appellant was the person who committed the extraneous sexual assault against Catherine Bunch—but more specifically to whether, in light of the expert's reliance on underlying facts and data from Bode Technologies that had not itself been shown to meet all three of the *Kelly* reliability elements, Symonds' opinion itself was still reliable as a function of Rule 702.

According to Appellant, the State was required, as a condition of the admissibility of Symonds' expert opinion testimony, to demonstrate both the reliability of her own expert opinion, and also the reliability of the underlying facts and data upon which she relied. But that seems, at least arguably, to go beyond what is required by Rule 703. All Rule 703 requires before underlying facts and data may be relied upon by an expert in forming her own opinion is that "experts in the particular field

would reasonably rely on those kinds of facts or data in forming an opinion on the subject." TEX. R. EVID. 703. Rule 703 does not suggest that, to offer a reliable opinion, an expert must have personal knowledge of every minute detail about how a source relied upon developed their own facts or data. It only suggests that the expert would act reasonably to rely on the facts or data developed by others in forming his or her own opinion. And Rule 705(c) adds to that a requirement that the "facts or data" relied upon must at least "provide a sufficient basis for the opinion." Tex. R. Evid. 705(c).

Deciding whether, pursuant to rule 703, an expert in a field would "reasonably rely on those kinds of facts or data" may require an assessment of reliability of a sort, even perhaps in the sense outlined in our opinion in *Kelly*. But the assessment required by Rule 703 is different than the inquiry that we have required with regard to testifying experts themselves, under Rule 702. If for example, a testifying expert relied upon facts or data that were definitively unreliable, then it would strain credibility that "experts in the field would reasonably rely upon them." But if an expert is familiar generally with the work and reputation of the source relied upon, and she has no knowledge of any reason to doubt its work, it might not be unreasonable for that expert to rely on that source in developing an opinion.

Furthermore, when underlying facts or data are relied upon by a testifying expert, the court must ensure that the facts or data relied upon "provide a sufficient basis for the [expert's] opinion" as required by Rule 705(c). But that is not the same inquiry as is required for determining the reliability (to satisfy the requirement of helpfulness) of

the testifying expert's opinion itself under rule 702. The Court suggests that whether underlying facts or data provide a "sufficient" basis boils down to a function of quantity of evidence over quality. Majority Opinion at 11 ("Whether there is a sufficient basis is a quantitative rather than a qualitative analysis."). But I am not so sure. It seems to me that "sufficient basis" as used in Rule 705(c) may suggest both a quantitative and a qualitative assessment.

Under our Texas Rules of Evidence, when a testifying expert relies upon underlying facts and data to support her opinion, those underlying facts and data need not themselves be admissible before the expert may rely upon them. But they must be the kind of facts and data that experts in the field would "reasonably rely upon" in developing their opinion offered at trial. TEX. R. EVID. 703. In addition, the underlying facts and data must provide a "sufficient basis for the [expert's] opinion." TEX. R. EVID. 705(c).

But I would not conclude, at least not as readily as the Court does in its opinion today, that any analysis conducted pursuant to a Rule 705(c) objection will always be "the same" as that required when an objection is raised pursuant to Rule 702. Majority Opinion at 20 ("[T]he analysis will be the same."). It seems to me that the inquiry required by a Rule 705(c) analysis would not be exactly the same as that required by an appropriate Rule 702 objection. One analysis is about whether a testifying expert's opinion testimony is sufficiently "reliable" that it will "help" the trier of fact. TEX. RULE EVID. 702; *Kelly*, 824 S.W.2d at 572. The other is about whether facts and data relied upon by the testifying expert are "sufficient" to support the opinion. TEX. R. EVID. 705(c).

### III. Conclusion

All that being said, it seems clear enough to me in the present case that, as outlined in the Court's opinion, Symonds' explanations of her reasons for accepting and relying upon the facts and data she received from Bode Technologies sufficiently demonstrated that "experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject." Tex. R. Evid. 703. And, as further explained in the Court's opinion, Symonds' testimony similarly demonstrated that the underlying facts and data provided a "sufficient basis for [her] opinion." Consequently, I agree with the Court's decision to reverse the court of appeals and affirm the judgment of the trial court.

I respectfully concur.

**FILED:**                                 June 12, 2024
**PUBLISH**